**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES A. RICHARDS, JR.**                                                      **PLAINTIFF**
**ADC #77616**

v.                                      **4:09CV00112-WRW-BD**

**CHARLES E. CLAWSON, JR., Judge,
Faulkner County Circuit Court,** *et al.*                             **DEFENDANTS**

**ORDER**

Plaintiff, who is currently incarcerated at the Faulkner County Detention Center ("FCDC"), filed a *pro se* Complaint (Doc. No. 2) under 42 U.S.C. §1983, along with an application for leave to proceed *in forma pauperis* (Doc. No. 1).  For the reasons set out below, Plaintiff's Complaint is DISMISSED with prejudice, and his application for leave to proceed *in forma pauperis* is DENIED as moot.

**I.    DISCUSSION**

On October 2, 2008, Faulkner County Circuit Judge Charles E. Clawson, Jr. sentenced Plaintiff to 120 months of incarceration in the Arkansas Department of Correction ("ADC"). Plaintiff has remained in the FCDC while awaiting transfer and placement in the ADC.  Plaintiff alleges that numerous Faulkner County officials are violating his constitutional rights by failing to transfer him to an ADC facility.  Plaintiff requests the Court order his immediate transfer to the ADC.  In addition, Plaintiff seeks $1,500.00 per day for his alleged illegal imprisonment. Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or

immunity secured by the federal Constitution or laws of the United States.[1]  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers,"[2] a plaintiff still must assert facts sufficient to state a claim as a matter of law.[3]  To state a claim, the facts must be sufficient to raise the right to relief above a speculative level.[4]

In the present case, Plaintiff has not presented facts giving rise to a constitutional violation.  Plaintiff alleges that he has a constitutional right to be transferred from the FCDC to an ADC facility.  Plaintiff, however, has no constitutional right to be housed at a particular prison.[5]  "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."[6]  The ADC could conceivably leave Plaintiff in the FCDC for his entire sentence without violating his constitutional rights.  Accordingly, Plaintiff has failed to state a claim for relief and pre-service dismissal under 28 U.S.C. § 1915A is appropriate.

The Court notes that Plaintiff does not appear to contest his sentence through this action.  Instead, Plaintiff seeks strict enforcement of his judgment.  Even if Plaintiff were contesting his sentence, he would not have stated a claim for relief in the present action.[7]

---

[1]. 42 U.S.C. § 1983.

[2]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

[3]*Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[4]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[5]*Eline v. Brill*, 16 Fed.Appx. 541, 542, 2001 WL 839005, 1 (8th Cir. 2001) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

[6]*Olim*, 461 U.S. at 245.

[7]See *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claim for damages that necessarily implies invalidity of sentence is not cognizable under § 1983 until conviction has been

**CONCLUSION**

Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice, and his application for leave to proceed *in forma pauperis* (Doc. No. 1) is DENIED as moot. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Court certifies that an *in forma pauperis* appeal taken from this Order and Judgment would be frivolous and not taken in good faith.

IT IS SO ORDERED this 24th day of February, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

invalidated); *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of state's custody).